UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ECREDIT SOLUTIONS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**VYZE, INC.,**<br><br>Defendant. | CASE NO. 6:20-cv-00304-ADA<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Vyze, Inc. files this, its Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by eCredit Solutions LLC. Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Defendant admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. Defendant also admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)

---

[1] For avoidance of doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

because Plaintiff has alleged infringement of a patent, but Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

4. Defendant does not contest whether personal jurisdiction over it properly lies in this District in this case and therefore admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits Vyze, Inc. has a place of business located at 2700 W. Anderson Lane, Suite 119, Austin, TX 78757. Defendant denies it has committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,788,353 B2

6. Defendant incorporate by reference each of its responses set forth in Paragraphs 1–5 above as if fully set forth herein. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, on that basis, denies all such allegations.

7. Defendant admits that a purported copy of U.S. Patent No. 8,788,353 is attached to the Complaint as Exhibit A and that the face of that patent indicates that it was issued on July 22, 2014. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8. Defendant admits that the '353 Patent speaks for itself. Defendant denies it has committed or is committing acts of infringement and, on that basis, denies the remaining allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any relief from Defendant and denies all the allegations contained in Paragraphs (A)–(F) of Plaintiff's Prayer for Relief.

## [PLAINTIFF'S] JURY DEMAND

Plaintiff's jury demand does not require a response.

## AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert infringement of the '353 Patent because, upon information and belief, Plaintiff did not hold valid and enforceable title to the '353 Patent when Plaintiff filed its Complaint. The Court therefore lacks subject matter jurisdiction over Plaintiff's claims. The named inventor of the '353 Patent, Robert Hills, originally assigned the '353 Patent to Hardison Holding Company, LLC. On February 27, 2017, an individual named Ken Hardison purported to assign a "50% ownership interest" in the '353 Patent back to Robert Hills. There is no public record of an assignment of the '353 Patent from Hardison Holding Company, Ken Hardison, or Robert Hills to Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Defendant has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '353 Patent.

## THIRD AFFIRMATIVE DEFENSE

Each asserted claim of the '353 Patent is invalid for failure to comply with one or more of

the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to the '353 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the '353 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the '353 Patent.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would cause indirect infringement.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the '353 Patent against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims of the '353 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the

'353 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method practiced or product produced by Defendant "determin[e] by the processor from the financial information received from the purchaser-borrower whether the credit worthiness of the purchaser-borrower exceeds a first threshold" or "determin[e] by the processor from the velocity data whether a risk factor exceeds a second threshold" as required by claim 1 of the '353.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## TWELFTH AFFIRMATIVE DEFENSE

Should Defendant be found to infringe any valid, enforceable claim of the '353 Patent, such infringement was not willful.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## DEFENDANT'S COUNTERCLAIMS

For its counterclaims against Plaintiff eCredit Solutions LLC, Counterclaim Plaintiff Vyze, Inc. alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Vyze, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at a principle office at 2700 W. Anderson Lane, Suite 119, Austin, TX 78757.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant eCredit Solutions LLC is an Delaware corporation with its principal place of business in Delaware.

## JURISDICTION

3. Vyze incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. eCredit Solutions has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on eCredit Solutions's filing of this action, venue is proper for purposes of these counterclaims, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7. Vyze incorporates by reference Paragraphs 1–6 above.

8. Based on eCredit Solutions's filing of this action and at least Vyze's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Vyze infringes U.S. Patent No. 8,788,353.

9. Vyze does not infringe at least claim 1 of the '353 Patent because, *inter alia*, the accused service does not "determin[e] by the processor from the financial information received from the purchaser-borrower whether the credit worthiness of the purchaser-borrower exceeds a first threshold" or "determin[e] by the processor from the velocity data whether a risk factor exceeds a second threshold."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vyze requests a declaration by the Court that it has not infringed and does not infringe any claim of the '353 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11. Vyze incorporates by reference Paragraphs 1–10 above.

12. Based on eCredit Solutions's filing of this action and at least Vyze's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '353 Patent.

13. The asserted claims of the '353 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 8,630,929.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Vyze requests a declaration by the Court that the claims of the '353 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Vyze asks this Court to enter judgment in Vyze's favor and against eCredit Solutions by granting the following relief:

a) a declaration that the '353 Patent is invalid;

b) a declaration that Vyze does not infringe, under any theory, any valid claim of the '353 Patent that may be enforceable;

c) a declaration that eCredit Solutions take nothing by its Complaint;

d) judgment against eCredit Solutions and in favor of Vyze;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Vyze of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Vyze hereby demands trial by jury on all issues.

Dated: May 14, 2020                                          Respectfully submitted,

                                                        **FISH & RICHARDSON P.C.**

                                                       By: */s/ Ricardo J. Bonilla*
                                                             Neil J. McNabnay
                                                             mcnabnay@fr.com
                                                            Texas Bar No. 24002583
                                                            Ricardo J. Bonilla
                                                            rbonilla@fr.com
                                                            Texas Bar No. 24082704
                                                           Andria Rae Crisler
                                                           crisler@fr.com
                                                           Texas Bar No. 24093792

                                                           1717 Main Street, Suite 5000
                                                           Dallas, Texas 75201
                                                           (214) 747-5070 – Telephone
                                                           (214) 747-2091 – Facsimile

                                                      **COUNSEL FOR DEFENDANT VYZE, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 14, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla